THE STATE vs. CHARLES F. DIBBLE.

New Haven & Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER,
LOOMIS, SEYMOUR and TORRANCE, Js.

A city charter provided that " process should be deemed to be issued by the
City Court, when signed and issued by the judge, clerk, or city attor-
ney." Held that the attorney's signature to a warrant for the arrest
of the defendant was the act of the court, and that it did not affect the
case that he had, as attorney, signed and issued the complaint.
And held that if the warrant had been irregular when thus signed, objec-
tion could not be taken to it in an appellate court, as it should have
been taken in the City Court by a plea in abatement, and was waived
by pleading to the merits.
It is no reason for erasing a case from the docket of the appellate court,
that the appeal papers were not filed until half an hour after the court
opened.
And no objection to the judgment of the City Court could be considered
by the appellate court, as the judgment was wholly vacated by the
appeal.

[Argued April 15th—decided June 12th, 1890.]

COMPLAINT by the city attorney to the City Court of New
Haven, for neglect of the defendant to support his wife and
child; brought by appeal of the defendant from the judg-
ment of that court, to the criminal side of the Court of
Common Pleas of New Haven County, and reserved for ad-
vice on motion of the defendant that the case be erased from
the docket and the complaint quashed. The case is fully
stated in the opinion.

*J. W. Alling* and *J. P. Pigott*, in support of the motions.

*E. P. Arvine* and *H. L. Hotchkiss*, contra.

CARPENTER, J. This is a prosecution to compel the de-
fendant to support his wife and child. The complaint was
addressed to the City Court of New Haven. The defend-
ant was brought before the court, pleaded not guilty, and
upon a hearing was found guilty and judgment was ren-

dered against him. He appealed to the criminal side of the Court of Common Pleas.

In the appellate court the defendant's counsel moved to erase the case from the docket, and also to quash the complaint. On these motions several questions are raised. One questions the validity of the proceeding ; another denies the jurisdiction of the appellate court, for the reason that there was some delay in entering the copies in the docket of that court ; and others still raise some technical objections to the validity of the judgment of the City Court. Then there is a stipulation by counsel as to certain facts. At this stage of the case it is reserved for the advice of this court.

1. The objection to the validity of the process cannot be sustained. The objection, if it could be made at all, should have been taken by a plea in abatement in the City Court. It related not to the jurisdiction of the court over the parties, or the subject matter, but to the manner of bringing the defendant before the court. If there was anything irregular or objectionable in that, it was waived by pleading to the merits. In the next place, the objection itself is not well taken. The charter provides, in terms, that the " process shall be deemed to be issued by the court when issued and signed by the judge, or assistant judge, or clerk thereof, or the city attorney." The defendant insists that because the city attorney signed the complaint he could not legally sign the warrant. The charter makes no such exception, and we are unable to see sufficient grounds on which we can make it. The language of the charter makes the signature of the city attorney the act of the City Court. His signature to the complaint was the act of the city attorney alone ; to the warrant, was the act of the court. It can hardly be denied that it is competent for the legislature so to provide. The provision is unusual, but not illegal. If it deprived the defendant of any natural or constitutional right, we might, for the purpose of saving the validity of the charter, adopt the construction contended for. But the act is ministerial, not judicial ; and we think we must give the language its ordinary meaning.

2. The second objection is that the appeal was not properly perfected, inasmuch as the court convened at ten o'clock, and the appeal papers were not filed until thirty minutes later. In this no statute was violated, and no harm resulted to the defendant. The cause should not be erased from the docket for that reason.

3. The objection to the validity of the judgment of the City Court raises no question which we can properly consider. That judgment was vacated by the appeal. But if not, we should not be disposed to review any alleged errors or irregularities in the proceeding in this manner.

4. No question as to the judgment to be rendered in this case is properly before us. There is no finding of facts, and no statement of any legal question for us to consider.

The Court of Common Pleas is advised not to erase the cause from the docket, and not to quash the complaint; and the case is remanded in order that appropriate proceedings may be had in the court below.

In this opinion the other judges concurred.