IN THE MATTER OF THE APPLICATION OF O. A.
STEVEN FOR A WRIT OF HABEAS CORPUS.

No. 943.

ORIGINAL.

ARGUED APRIL 14, 15, 1916.                    DECIDED APRIL 22, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*warrant of arrest,—jurisdiction of person.*

A warrant of arrest in a criminal case is the writ or process
by the service of which upon the accused the court acquires jur-
isdiction of his person. But the issuance of a warrant, or the
service of a valid warrant, may be waived and jurisdiction of the
person conferred by a general appearance and plea to the charge.

INDICTMENT AND INFORMATION—*verification of information—constitu-
tional law.*

The Fourth Amendment does not require that an information
be verified or supported by affidavit except as it is used as the
basis for the issuance of a warrant. As a charge or accusation,
in the absence of statute, an information may be presented and
filed by a public prosecuting officer upon his official oath.

OPINION OF THE COURT BY ROBERTSON, C.J.

In response to a writ of *habeas corpus* which was issued
April 11, 1916, upon the petition of one O. A. Steven,
wherein it was alleged that the petitioner was being un-
justly and illegally imprisoned and restrained of his liberty
by Charles H. Rose, sheriff of the city and county of Hono-
lulu, the respondent filed a return showing, *inter alia,* that,
at the time of the issuance of this writ, he held the peti-
tioner in custody under and by virtue of four certain war-
rants of arrest issued on March 11, by the first judge of the
circuit court of the first circuit, for the apprehension of said
Steven upon a corresponding number of informations filed

in the circuit court of the first circuit by William T. Carden, deputy city and county attorney of Honolulu, charging said Steven with the commission of certain misdemeanors.

It is contended, in support of the writ, that the circuit court is without jurisdiction to try the petitioner upon said informations, or any of them, because (1) the informations, which were used as the basis, and the only basis, for the warrants, were not supported by the oath of any person deposing to the truth of the facts alleged therein, and, hence, the warrants were issued without probable cause, and (2) because the petitioner cannot legally be put upon trial upon an information not so verified.

It will be assumed for the purposes of this opinion that the informations in question were presented and filed merely upon the official oath of the public prosecutor, and, therefore, were insufficient foundation for the warrants. The first question to be considered is whether, if the warrants were issued without probable cause, there is such a lack of jurisdiction on the part of the circuit court as would render any subsequent proceedings void. This question is materially affected by certain further facts shown by the return which will now be stated. Immediately after the arrest of Steven on March 11, he was released to bail upon bond, with surety, conditioned for his appearance in court on March 13, "to answer each of said charges;" on said date he appeared accordingly, with counsel, and was arraigned upon the informations; on March 15, he appeared again and entered a plea of not guilty in each case, and the cases were transferred to the docket of the third judge of said court for trial; on March 20, the accused appeared again, and, in open court, waived trial by jury, and the cases were thereafter continued from time to time, being finally set down for trial on April 14. Certain other proceedings were had which alter in no way the effect of those which have been stated. The Fourth Amendment of the Constitution

provides that "no warrants shall issue but upon probable cause supported by oath or affirmation." This provision guarantees protection against the issuance of warrants not so based and supported. It tends to protect persons from arbitrary and unfounded interference with their personal liberty. A warrant of arrest in a criminal case is the writ or process by the service of which upon the accused the court acquires jurisdiction of his person. But the issuance of a warrant, or the service of a valid warrant, may be waived, and jurisdiction of the person conferred by a general appearance of the accused and plea to the charge. *State* v. *Dibble,* 59 Conn. 168; *People* v. *Harris,* 103 Mich. 473; *State* v. *Brantly,* 20 Mont. 173, 179; *State* v. *Fitzgerald,* 51 Minn. 534; *Ledgerwood* v. *State,* 134 Ind. 81, 90; *State* v. *Mitchell,* 229 Mo. 683, 693. The only case which has been cited to the contrary is *Salter* v. *State,* 102 Pac. 719, 725, decided by the Oklahoma criminal court of appeals, and that case can hardly be reconciled with the case of *In re Cummings,* 11 Okl. 286, wherein the supreme court, on *habeas corpus,* said, "A verification of a criminal complaint on information and belief is sufficient for every purpose, except merely the issuing of the warrant for the arrest of the defendant, and the objection to the verification must be made by motion to quash the warrant before plea to the merits, or other steps taken which will operate as a waiver of the defect to the verification. * * * By pleading not guilty to the charge contained in the complaint, consenting to a continuance, and agreeing to appear for trial at a future day, the petitioner waived any defect in the verification, and his motion to quash the warrant came too late." We hold, therefore, that by the proceedings had, as set forth in the return of the respondent, the petitioner waived the invalidity of the warrants, if they were invalid, and submitted himself to the jurisdiction of the court.

It remains to be considered whether the circuit court is

without jurisdiction of the subject matter because the informations were not verified by an oath to the truth of the alleged facts. Our statute (R. L. 1915, Ch. 215) does not require that informations be verified. "At common law an information could be filed by the attorney or solicitor general simply on his oath of office and without verification, and it has been held therefore in this country, that verification of an information by the prosecuting attorney is unnecessary unless required by statute." 22 Cyc. 281. See *Samuel* v. *People,* 164 Ill. 379, 384; *State* v. *Kyle,* 166 Mo. 287; *Territory* v. *Cutinola,* 4 N. M. 305; *State* v. *Guglielmo,* 46 Ore. 250, 259; *Henson* v. *State,* 5 Okl. Cr. 201, 205; *State* v. *Dover,* 9 N. H. 468, 471; *State* v. *Williams,* 161 S. W. (Ark.) 159. There are cases to the contrary, but we think that the weight of authority, and reason, support the view that an information is regular and sufficient as an instrument of accusation when filed by a public prosecutor upon his official oath and without further verification. This question was carefully considered by the circuit court of appeals for the second circuit in the case of *Weeks* v. *United States,* 216 Fed. 292. It is there pointed out that when used as the basis for the issuance of a warrant an information should be verified or supported by affidavit in order to show probable cause, but that as the charge or accusation upon which a trial is to be had it is sufficient that it be filed upon the official oath of the prosecuting attorney. Referring to the constitutional provision the court said (p. 302), "If the fourth amendment makes it necessary that, under all circumstances, an information must be verified or supported by an affidavit showing probable cause, then proceedings had in the prosecution of the defendant cannot be sustained. But the right secured to the individual by the fourth amendment, as we understand it, is not a right to have the information, by which he is accused of crime, verified by the oath of the prosecuting officer of the government or to have

it supported by the affidavit of some third person. His right is to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation' and naming the person against whom it is to issue." We hold that the informations in question, having been filed by the deputy city and county attorney upon his official oath, were duly presented and in proper form as accusations upon which trial may be had. It follows that the circuit court is not without jurisdiction in the premises.

The writ is discharged, and the petitioner, who was admitted to bail pending this proceeding, is remanded to the custody of the respondent.

*W. J. Robinson* and *C. H. McBride* for petitioner.

*W. T. Carden,* Second Deputy City and County Attorney, and *J. W. Cathcart,* for respondent.