(No. 17356.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AARON HOLLENBECK, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. PROHIBITION—*an indictment need not negative provisions of section 40 of Prohibition act.* An indictment charging unlawful possession of intoxicating liquor need not negative the provisions of section 40 of the Prohibition act as to when such liquor is lawfully possessed. (*People* v. *Talbot, ante,* p. 416, followed.)

2. SAME—*when indictment does not charge second offense under section 33.* An indictment charging the unlawful sale of intoxicating liquor does not charge a second offense where the prior conviction is alleged to have been for the unlawful possession of intoxicating liquor, as the penalty provided in paragraph (*a*) of section 33 of the Prohibition act for a second offense applies only to the unlawful manufacturing, transporting and selling of intoxicating liquor and fixes a different penalty from that provided in paragraph (*b*) for first and second offenses for other violations of the statute, including the unlawful possession of liquor; and it is error to introduce in evidence the conviction of unlawful possession of liquor under an indictment charging unlawful sale.

3. SAME—*State does not have burden of proving defendant did not have permit—instruction.* In accordance with the general rule that where the subject matter of a negative averment lies particularly within the knowledge of the defendant, the averment, unless disproved by the defendant, will be taken as true, it is not error, in a prosecution under the Prohibition act, to refuse an instruction that the burden is upon the State to prove that the defendant did not have a permit from the Attorney General.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

HAYES & DOWNING, W. THOMAS COLEMAN, and PHARES O. SIGLER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES F. EVANS, State's Attorney, and S. S. DUHAMEL, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Aaron Hollenbeck, (herein referred to as defendant,) was indicted in the circuit court of Macon county at its October term, 1925, for violation of the Illinois Prohibition act. The indictment is in two counts. The first count charges a former indictment of defendant for unlawfully possessing intoxicating liquor at the October term, 1924, of said court, to which indictment defendant entered a plea of guilty and was sentenced to imprisonment in the county jail of Macon county for a period of sixty days. That count further charges that on March 27, 1925, defendant did unlawfully and feloniously sell intoxicating liquor containing more than one-half of one per cent of alcohol by volume and fit for beverage purposes, the said sale not being then and there for non-beverage purposes, or for sacramental purposes, or upon or by a prescription issued by a physician for medicinal purposes, the said defendant not then and there having a permit from the Attorney General of the State of Illinois to sell said intoxicating liquor. The second count is the same in all respects as the first, except that after charging the former indictment, plea of guilty and sentence, it charges the sale to have been made on August 24, 1925. The defendant entered a plea of not guilty to the indictment, and on the trial the People were required to elect on which count of the indictment they would proceed to trial, and elected to try the defendant on the first count. The jury found the defendant guilty on the first count of the indictment, and after motions for a new trial and in arrest of judgment by defendant were overruled, he was sentenced by the court to be imprisoned in the penitentiary for an indeterminate period and to pay a fine of $500 and the costs of prosecution. This writ of error is prosecuted by the defendant for a review of the record and judgment.

The testimony of the People's witness Michael Brown is to the effect that in March, 1925, at the house of one

Mary Miller, in the city of Decatur, he bought liquor by the drink from the defendant four or five times and paid him twenty-five cents a drink for the same; that the defendant poured the liquor out of a fruit jar for him; that he is acquainted with the taste of alcohol and that there was alcohol in the liquor that he bought from the defendant, and that the liquor had the effect of making him feel "revived or funny," and that to the best of his judgment it was intoxicating.

The substance of the testimony of the witness Dobson, for the State, is, that in August, 1925, the defendant, on or by the railroad tracks in the city of Decatur and in the shadow of a railroad car, took out of his shirt bosom a half-pint of liquor and sold it to him for one dollar, in which testimony he is corroborated by a police officer named Perkins, who testified that he saw the defendant give the bottle of liquor to Dobson. A chemist testified for the State that this bottle of liquor upon analysis was found to contain forty-five and one-half per cent of grain alcohol and that the liquor was fit for beverage purposes. The witness Dobson further testified that he purchased intoxicating liquor on other occasions from the defendant in the city of Decatur, and that in April, 1925, at the house at William and Broadway streets, in Decatur, he purchased liquor of the defendant by the drink, and in the same month he went to that house with the witness Brown and got "a couple of drinks."

The defendant in his evidence denied that at any time in March, 1925, he sold liquor to the witness Brown and denied that he ever sold liquor to witness Dobson, and testified that he had never seen the bottle of liquor that Dobson testified he got from him in August, 1925. One Helen DeWald testified for him that on the evening of August 24, 1925, (the evening that Dobson claims he bought the bottle of liquor from the defendant at the railroad tracks,) she was with the defendant all that evening at the Angle Hotel

and until he left with her to go to a show, and her evidence tended to show that the defendant was not at the railroad tracks at the time that Dobson and Perkins testified that the defendant sold him (Dobson) the bottle of liquor.

At the time the People offered in evidence the indictment and record of the former conviction of defendant he objected to such evidence on the ground that that indictment did not charge a crime. The objection was overruled and the indictment and the record of conviction were admitted in evidence. The defendant contends that the indictment in this case is insufficient to show a conviction for a second offense because the former indictment shows on its face that it did not charge defendant with a crime, and that the court erred in admitting the indictment and the record as evidence and in overruling the motion in arrest of judgment. Such former indictment charged, in substance, that on July 26, 1924, the defendant certain intoxicating liquor unlawfully did then and there possess, the said defendant not being then and there in possession of said intoxicating liquor for non-beverage purposes, and not then and there for sacramental purposes, and not then and there for medicinal purposes upon a prescription issued by a physician, and that the defendant did not then and there have a permit by the Attorney General of the State of Illinois to acquire and possess said liquor. The argument of the defendant is that this count does not charge an offense against the Prohibition act because it does not allege facts showing that the possession was not within the terms of section 40 of the act, which is to the effect that it is not unlawful to possess liquor in one's private dwelling while the same is occupied and used by him as his dwelling, only, and that no permit is necessary to possess such liquor, provided such liquor was lawfully acquired, etc. This same objection was overruled by this court in *People* v. *Talbot,* (*ante,* p. 416,) for the reasons in that case stated.

It is further argued that this indictment does not charge a second offense against the Prohibition act although the former offense therein alleged was sufficiently charged and a lawful conviction and judgment was obtained as charged in said first count. The grounds for this contention are well taken. Section 33 of the Prohibition act provides, under paragraph (*a*) thereof, special penalties for three offenses, only,—manufacturing, transporting and selling intoxicating liquors in violation of the act. The penalty for any such violation for a first offense is by fine not less than $100 nor more than $1000, or imprisonment for not less than sixty days nor more than six months, or both; and for a second or subsequent offense a fine of not less than $500 nor more than $1500, and imprisonment in the State penitentiary not less than one nor more than two years. A former conviction for any one of these three offenses, followed by a subsequent violation of any one of them, when properly charged in an indictment and proved, subjects the offender to the punishment for a second offense provided by that paragraph.

No specific penalty is in express terms provided for the unlawful possession of intoxicating liquor. The penalty for such offense is provided for in paragraph (*b*) of said section 33 in this language: "Any person violating the provisions of any permit, or who makes any false record or report required by this act or violates any of the provisions of this act, for which offense a special penalty is not prescribed, shall be fined for a first offense not less than $100 nor more than $1000, or be imprisoned not less than sixty days, nor more than six months; for any subsequent offense he shall be punished by a fine of not less than $500 nor more than $1500, and be imprisoned in the State penitentiary not less than one year nor more than two years." This paragraph makes reference to unlawful possession of intoxicating liquors by the words, "any of the provisions of this act, for which offense a special penalty is not prescribed,"

because no other section of the act prescribes a penalty for such unlawful possession, although section 28 of the act specifically provides that it shall be unlawful to have or possess intoxicating liquor intended for use in violating the act, and section 3 provides that no person shall possess any intoxicating liquor except as authorized in the act. It is clear that the offense of manufacturing, transporting and selling intoxicating liquors in violation of the act are not included or referred to in said paragraph (*b*), because they are specifically excluded therefrom by the words in paragraph (*b*) "for which offense a special penalty is not prescribed." The penalty for a first offense for an unlawful sale may be by both fine and imprisonment in jail, while the penalty for a first offense for unlawful possession is by fine or imprisonment in jail, but not both. Section 27 of the act denounces the ownership, operation, maintenance or possession of a still, etc., as unlawful, unless a permit therefor shall be obtained from the Attorney General; and that section prescribes special penalties for first and second offenses of that character, differing very materially from the penalties prescribed in paragraphs (*a*) and (*b*) of section 33. All the provisions of the Prohibition act, when considered carefully, indicate clearly that the indictment in this case only charges a first offense for the unlawful sale of intoxicating liquor. The circuit court therefore erred in admitting in evidence the former indictment and the judgment of the court on the plea of guilty entered therein and in entering judgment on the verdict of the jury in this case.

The court did not err in refusing to give to the jury the defendant's refused instruction to the effect that the burden was upon the State to prove that the defendant did not have a permit from the Attorney General to sell intoxicating liquor, etc. The general rule is, in prosecutions for criminal offenses, that where the subject matter of a negative averment lies particularly within the knowledge of the

defendant, the averment, unless disproved by the defendant, will be taken as true. *People* v. *Montgomery,* 271 Ill. 580; *Kettles* v. *People,* 221 id. 221; *Williams* v. *People,* 121 id. 84; *Noecker* v. *People,* 91 id. 468.

At the request of the prosecution the court gave an instruction attempting to define reasonable doubt, which is practically the same instruction as the one condemned in the case of *People* v. *Johnson,* 317 Ill. 430, and in other cases, and the instruction should not have been given.

For the reasons aforesaid the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*