THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES DeGEOVANNI, Plaintiff in Error.

*Opinion filed June 22, 1927.*

1. PROHIBITION—*when complaint for search warrant is filed in reasonable time.* A complaint for the issuing of a search warrant for the searching of a place of business known as a soft drink parlor and saloon is made out and filed in a reasonable time when filed five days after the circumstances occurred which are recited in the complaint as the basis of the belief that intoxicating liquor is unlawfully kept on the premises, in the absence of a showing that the proprietor had ceased to do business at the place described or had discontinued the illegal business.

2. SAME—*general rule as to when complaint for search warrant is sufficient.* A complaint for a search warrant is to be regarded as sufficient under section 6 of the bill of rights when the facts therein stated and sworn to show probable cause for the writ, and it is not required that the complaint shall show, beyond a reasonable doubt, that the writ should be issued.

3. SAME—*sections 29 and 30 of the Prohibition act properly require magistrate to determine whether search warrant shall issue.* Sections 29 and 30 of the Prohibition act properly require that the magistrate or judge before whom complaint is filed shall determine the question of issuing a search warrant from the facts stated in the complaint, and said sections are not invalid because they leave to the party swearing to the complaint the question whether the law is being violated.

4. SAME—*section 30 of Prohibition act is not invalid in failing to require title of officer issuing search warrant to be affixed to signature.* Section 30 of the Prohibition act is not invalid in failing to specifically require that the title of the officer issuing a search warrant be affixed to his signature, as there is no provision of the constitution requiring the officer issuing such a warrant to affix to his signature his official title, and failure to do so will not render the warrant void where it discloses on its face the official character of the officer issuing the warrant.

5. SAME—*provisions of section 3 of the Prohibition act are included in title.* The title to the Prohibition act aptly gives information as to the subject of the legislation with which the act deals, and there is nothing in section 3 that is inconsistent with the title or that may not be legally included in the act, within the meaning of section 13 of article 4 of the constitution.

6. SAME—*what negative averment in information need not be proved.* In a prosecution for the unlawful possession and sale of intoxicating liquor the People are not required to prove the negative averment of the information that the defendant did not have a permit from the Attorney General.

7. STATUTES—*when title of act is sufficient under constitution.* The title of an act is sufficient, under section 13 of article 4 of the constitution, where it expresses in general terms the object and purpose of the act so as to prevent surprise and fraud by the insertion of provisions therein of which the title gives no intimation, and to apprise the people, through the usual course of legislative publication, of the subject matter of the legislation considered.

WRIT OF ERROR to the County Court of Woodford county; the Hon. W. H. FOSTER, Judge, presiding.

FORT & FORT, and I. R. WASSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN R. TWEDDALE, State's Attorney, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, James DeGeovanni, prosecutes this writ of error to review a judgment and order of the county court of Woodford county imposing a fine of $400 and costs and committing him to jail until he pays the fine and costs or is discharged according to law. He was tried on an information of two counts, charging unlawful possession and sale of intoxicating liquor without a permit of the Attorney General and in violation of the Illinois Prohibition act.

LeRoy Rowe, a prohibition investigator of Woodford county, was one of the principal witnesses against the plaintiff in error, (herein called the defendant,) and testified, in substance, as follows: On February 19, 1926, the defendant was conducting a soft drink parlor, in which there were pool tables and card tables. Defendant's place of business was in Roanoke, Woodford county, Illinois. Rowe

on that date purchased at that soft drink parlor, and drank there, three or four drinks of liquor, for which he paid twenty-five cents per drink. The drinks were served to him in an ounce whiskey glass. He also on the same date and at the same place bought a half-pint of the liquor in a soda water bottle to take with him, for which he paid seventy-five cents. On February 22, 1926, he bought two drinks of liquor at the same place and a half-pint bottle of liquor, for which he paid one dollar. He delivered both of the bottles of liquor to the sheriff of Woodford county, who marked and preserved the same for evidence, and they were introduced as exhibits on the trial of the cause after being thoroughly identified by witnesses as the same bottles, with the same contents, that were delivered to the sheriff by Rowe.

In pursuance of a search warrant duly executed· by a justice of the peace of said county on February 24, 1926, the sheriff's two deputies entered the premises of the defendant and searched the same and seized one bottle and two two-gallon jugs of intoxicating liquor, which they found well concealed in said premises after first being informed by the defendant that there were no intoxicating liquors in his premises. These three containers and their contents, except what had been taken therefrom by a chemist for analysis, were put in evidence before the jury after being fully identified by witnesses as the same containers, with the same contents, that were taken from the defendant's premises by the search and seizure aforesaid. The chemist analyzed the contents of all five of the bottles and jugs and testified that the two bottles of liquor purchased by Rowe contained intoxicating liquor fit for beverage purposes and contained 33.9 and 44.1 per cent of alcohol by volume, respectively, and that the intoxicating liquor in all three of the other containers contained 37.1 per cent of alcohol by volume. The defendant offered no testimony, and the foregoing evidence is not controverted in any way.

In the complaint for the search warrant sworn to by Rowe, the prohibition investigator, it was stated that he had just and reasonable grounds to believe, and did believe, that intoxicating liquor was then unlawfully possessed and kept for sale at and within a certain building used and occupied as a soft drink parlor and known as the Club saloon, (the exact location of the drink parlor or saloon being then stated,) and that the following are the reasons for his belief: "This affiant did on the 19th day of February, A. D. 1926, purchase and pay for a quantity of intoxicating liquor and saw intoxicating liquor in said building and saw intoxicating liquor sold therein by the manager, James DeGeovanni." It is argued by the defendant that the justice of the peace was not justified in issuing the search warrant on that complaint, because it showed on its face that it was made five days after Rowe saw intoxicating liquor, purchased intoxicating liquor and saw intoxicating liquor purchased at the defendant's premises. The contention is that the fact that intoxicating liquor was seen on the premises on February 19 and was sold to Rowe and to others on that day by the defendant did not warrant the belief that intoxicating liquor was there and was kept by the defendant for sale on February 24, or on any date between February 19 and February 24, and that the legal presumption would be that it was not possessed or sold by the defendant on any day after February 19. It is for the same reason argued that the county court should have sustained the defendant's motion to suppress all evidence obtained by the search and seizure. These contentions cannot reasonably be sustained. To sustain such contentions would virtually amount to a holding that a search warrant could not be legally issued for the search and seizure of intoxicating liquor unless the complainant made the complaint therefor on the premises while the illegal business was in progress. The justice of the peace who issued the warrant was clearly justified by the facts stated in the complaint of Rowe in

concluding that the defendant was engaged in the illegal occupation or business of keeping for sale, and of selling, intoxicating liquor on February 19 and that he possessed such liquor for sale on February 24, in the absence of a showing that he, as manager or proprietor, had ceased to do business there or had discontinued such illegal business or occupation. A soft drink parlor is commonly known as a place where soft drinks are sold and drunk on the premises. A saloon is commonly and generally known as a place where intoxicating liquors are sold and drunk, and is so defined in Webster's New International Dictionary. The defendant's place was not only known as a soft drink parlor but was also known as the Club saloon, according to the allegations in the complaint. It being shown, in substance, that intoxicating liquor was kept and was sold to Rowe and to other persons at the defendant's soft drink parlor, or Club saloon, on February 19, it cannot be reasonably held that it was not probable that such business continued for a reasonable time thereafter, in the absence of a showing that the defendant had ceased to do business at that place or had discontinued such illegal business. The complaint was filed in reasonable time, and the court properly refused to sustain the defendant's motion to suppress the evidence obtained by the search and seizure aforesaid.

A complaint for a search warrant is to be regarded as sufficient to authorize the issuance of a search warrant when the facts therein stated and sworn to show probable cause for the writ. It is not required that the complaint for a search warrant should show, beyond a reasonable doubt, that the writ should be issued. The writ in this case was not issued in violation of section 6 of the bill of rights, which provides, in substance, that no search warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched and the persons or things to be seized. The complaint for the search warrant, and the warrant, were drawn in conformity with the pro-

visions of the constitution aforesaid. *People v. Shields,* 309 Ill. 142; *People v. Zalapi,* 321 id. 484; *People v. Cioppi,* 322 id. 353.

It is contended by the defendant that sections 29 and 30 of the Illinois Prohibition act are invalid because they do not require the judge or magistrate to determine, from facts stated in the complaint for a search warrant, whether or not there are probable grounds for the issuance of such warrant, and that said sections clearly undertake to transfer from the judge or magistrate all judicial discretion and to confer his judicial power upon the person making the complaint in order that he may determine the question of probable cause for issuing such warrant. These sections furnish no reasonable ground for such contention. Section 29 does provide that whenever complaint is made in writing, verified by affidavit, to any judge having cognizance of criminal offenses, that the complainant has just and reasonable grounds to believe, and does believe, that intoxicating liquor is manufactured, possessed, kept for sale, used, disposed of or transported in violation of any law of this State, etc., with the facts upon which such belief is based, the judge may issue a search warrant as thereinafter provided. Section 30 provides that if the judge before whom such a complaint is made is satisfied that there is reasonable cause for such belief he shall issue a warrant directed to any peace officer having jurisdiction, etc. The judge, under the above provisions, is to determine, from the facts stated in the complaint for a warrant, whether or not the search warrant is to issue, and is not guided simply by the statement of the complainant that he has grounds to believe, and does believe, that the Prohibition law is violated. If from the facts stated in the complaint the judge is not satisfied that there is reasonable cause for the belief of the complainant he should refuse to issue the warrant, and the intention of the legislature as expressed by these sections is that the magistrate or judge shall determine the

question of issuing a search warrant from the facts stated
in the complaint.   There is therefore no ground for the
argument of the defendant that a search warrant, under the
two sections aforesaid, may be issued against any person
who is lawfully in the possession of intoxicating liquor for
lawful purposes unless a complaint shall be sworn out for
a search warrant containing facts stated under oath by the
informant that are untrue.

It is also contended that section 30 of the act does not
contemplate that the judge or magistrate issuing a search
warrant shall affix to his signature to such warrant his
official title, and that the section is for that reason uncon-
stitutional.   This contention is based upon the fact that the
form of the warrant given under said section concludes
with these words, blanks and figures:

"Given under my hand and seal, at my said office, this .... day
of ................, 192... ......................(Seal.)"

There is no provision of the constitution that requires
the officer issuing such a warrant to affix to his signature
his official title.

It is also contended that the officer issuing the warrant
in question followed the directions of section 30 by failing
to affix to his signature the title of his office and that the
warrant was void for that reason, and that the evidence
under it was illegally obtained and should have been sup-
pressed by the trial judge.   We do not think there is merit
in this contention.   The warrant in question follows the
form given in section 30 of the statute except in the one
particular that the justice of the peace failed to affix his
official title.   The warrant on its face clearly shows by its
recitals that it was issued and signed by J. H. Laws, jus-
tice of the peace in and for said county.   The body of
the warrant also contained this recital: "and from the
facts upon which such belief is based, as set forth in said
complaint, the undersigned is satisfied that there is rea-
sonable cause for such belief."   The warrant is directed to

B. F. Brubaker, sheriff in and for Woodford county. The
sheriff is directed by the warrant to bring any and all in-
toxicating liquor there found, and all vessels containing the
same, and any and all persons in whose possession they
are found in the premises therein described, "forthwith be-
fore me at my office in the court house in the city of
Eureka, in said county, or before some other judge or jus-
tice of the peace having cognizance of the case, to be dealt
with according to law." The concluding sentence of the
search warrant is the following: "Given under my hand
and seal, at my said office, this 24th day of February,
1926." The warrant is signed in this wise: "J. H. Laws
................(Seal.)" The omission was unimpor-
tant—not one of substance but merely of form. It has
been held by several courts that such an omission, and sim-
ilar omissions, do not render a warrant void, particularly
where the warrant on its face discloses clearly the official
character of the officer signing the warrant. (16 Corpus
Juris, 309; *Siler* v. *Ward,* 4 N. C. 161; *Pruett* v. *State,*
141 Ala. 69, 37 So. 343; *Ryan* v. *State,* 83 Wis. 486,
53 N. W. 836; *State* v. *Dibble,* 59 Conn. 168, 22 Atl. 155;
*Starr* v. *United States,* 153 U. S. 614, 14 Sup. Ct. 919.)
The warrant in question was a valid warrant.

It is also argued that the Prohibition act violates sec-
tion 13 of article 4 of the State constitution by including
in it subjects not expressed in its title, and by reason of
the fact that the provisions of section 3 of the act are not
in harmony with and are foreign to the title of the act. We
think these contentions are based upon misconceptions of
the defendant. The title of the act is, "An act to restrict
the manufacture, sale, transportation, possession and use
of intoxicating liquor, aiding thereby in establishing uni-
formity in State and Federal laws in regard thereto." Sec-
tion 3 of the act provides as follows: "No person shall
on or after the date when this act goes into effect, manu-
facture, sell, barter, transport, deliver, furnish or possess

any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, delivered, furnished and possessed, but only as herein provided, and the Attorney General may, upon application, issue permits therefor, but in case the office of commissioner of prohibition shall be created, then such commissioner shall issue said permits: *Provided,* that nothing in this act shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses."

There is nothing in section 3 that is inconsistent with the title of the act, and there is no provision in it that may not be legally included in the act under the provisions of the section of the constitution aforesaid. The entire act shows that it is a restriction on the manufacture, sale, transportation, possession and use of intoxicating liquor, and the provision in section 3 to the effect that all the provisions of the act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented, is in harmony with the title of the act, as the prevention of the use of intoxicating liquor as a beverage is simply one of the restrictions of the manufacture, sale, transportation, possession and use of such liquor to be accomplished by the act. The object of the title of an act within the meaning of said provision of the constitution is, that the title shall express in general terms the object and purpose of the act, so as to prevent surprise and fraud by the insertion of provisions therein of which the title gives no intimation, and to apprise the people, through the usual course of legislative publication, of the subject matter of the legislation considered. It is true that the word "restrict" found in the title of the act has an entirely different meaning from the word "prevent" found in section 3

of the act, but it is not true that the use of the word "prevent" in said section, in connection with the other words in the sentence in which it is found, makes the provisions of section 3 foreign to or out of harmony with the title of the act. The title of the act very aptly gives information as to the subject of the legislation with which the act deals, and it is therefore valid and in compliance with the constitutional provision aforesaid. *People* v. *Stokes,* 281 Ill. 159; *Riggs* v. *Jennings,* 248 id. 584; *State* v. *Milauskas,* 318 id. 198.

It is further contended by the defendant that the burden of proof was upon the People to prove the negative averment in the information that the defendant did not have a permit from the Attorney General. The law has been decided by this court contrary to this contention in the case of *People* v. *Hollenbeck,* 322 Ill. 443, and no further discussion of this question is necessary.

It is finally contended that the negative averments in the information that the defendant did not possess the intoxicating liquors in question for medicinal, mechanical, sacramental or scientific purposes were not proved by the State, and that the court for that reason erred in not directing a verdict for the defendant in accordance with his motion. We are not to be understood as conceding that such negative averments must be proved by the State. It is a sufficient answer to this contention to say that all those negative averments were proved, not in express terms but by the showing that the liquors were possessed for the unlawful purpose of sale for beverage purposes. This proof as completely established those negative averments as if they had been proved in express terms. *People* v. *Tate,* 316 Ill. 52.

The defendant was clearly proved guilty of the violation of the Illinois Prohibition act as charged in the information, and there are no reversible errors in the record. The judgment of the county court is therefore affirmed.

*Judgment affirmed.*