The People of the State of Illinois, Defendant in Error, v. Perley W. Johnson, Plaintiff in Error.

Gen. No. 8,396.

Heard in this court at the October term, 1931. Opinion filed February 24, 1932.

RAY E. LANE, for plaintiff in error.

ASHBEL V. SMITH, State's Attorney, for defendant in error; HERVEY C. COULSON, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

The State's attorney of Lake county, Illinois, filed an information in the county court of Lake county, charging the defendant, Perley W. Johnson with the violation of Cahill's St. ch. 91, ¶ 25 (section 24 of chapter 91, Smith-Hurd's statute), otherwise known as the "Medical Practice Act." The original information consisted of 12 counts. The plaintiff in error was tried by a jury and found guilty under counts nine and ten of the information; after the verdict all the counts, except the 10th, were dismissed. After motion for a new trial and arrest of judgment were overruled the defendant was sentenced to the State Farm at Vandalia for a term of 65 days. To review this judgment the case is brought to this court on a writ of error.

Count ten of the information is as follows: "And the said State's attorney, in the name and by the authority of the People of the State of Illinois, as aforesaid, further informs the court that said Perley W. Johnson, late of the County of Lake and State of Illinois aforesaid, heretofore, to wit: on the second day of March, in the year of our Lord, one thousand nine hundred and thirty-one, in said County of Lake, in the State of Illinois aforesaid, not then and there possessing in full force and virtue a valid and existing license issued by the authority of the People of the State of Illinois, to practice the treatment of human ailments in any manner, did then and there on the second day of March, in the year of our Lord, one thousand nine hundred and thirty-one, at and within the County of Lake and State of Illinois, did unlawfully maintain an office at No. 438 North Hough street, in the Village of Barrington, in said county and state aforesaid, for examination and treatment of divers

persons afflicted, or supposed to be afflicted by and with certain human ailments and diseases, to wit: stomach trouble, headache, hay fever, insomnia, asthma, bronchitis, enlarged or inflamed tonsils, neuralgia, paralysis and other diseases and ailments, the further description of which is to your informant unknown, by then and there renting and occupying a building at said No. 438 North Hough street, in the said Village of Barrington in said county and state and by placing therein certain table, chairs and other equipment, and a certain large sign, with the title of doctor or Dr. attached to his name, in or about the exterior of said building above described, and by inviting and receiving divers and various persons aforesaid, to be examined and treated in said building by him for the ailments, or supposed ailments, by various methods of manipulation of the bodies of the said persons aforesaid afflicted as aforesaid with his hands and by massaging the backs, spinal areas and pelvic regions of said persons aforesaid, with his hands, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.''

The sufficiency of this information is challenged by plaintiff in error, in that it does not charge any offense under the statute. We are of the opinion that count No. 10 does state a cause of action and charges several specific offenses in violation of the Medical Practice Act, Cahill's St. ch. 91, ¶ 1 *et seq.*

The evidence offered, we think, clearly shows that the plaintiff in error held himself out to the public as a person engaged in the treatment of human ailments; also that he maintained an office to practice his profession, and in front of his place of business he had a sign with his name with the abbreviation ''Dr.'' prefixed to his name thereon. The sign in front of the office was, ''Dr. Perley W. Johnson.'' The evidence further

shows that he maintained an office and occupied it for the treatment and examination of patients; that at this office he treated divers persons for certain ailments by manipulating their bodies with his hands, and that he received compensation for his services; that his name appears in the telephone directory of Barrington, in Lake county as "Naprapath;" that he advertised by radio addresses given by himself, that he could cure any disease, except leprosy and cancer, and that in these radio addresses he called himself Dr. Perley W. Johnson; that he advertised in the local newspapers claiming to be a person engaged in the treatment of human ailments, and claiming great merit in the method of his treatments and boasting of the cures he had performed. This evidence was uncontradicted and the plaintiff in error offered no evidence to show that he had a license from the State of Illinois as required by law permitting him to treat human ailments.

We think the People proved beyond a reasonable doubt that the plaintiff in error had violated the statute in at least five different particulars as set forth in the 10th count of the information. This count charged specific violations of the act in such plain language that the defendant knew the charge he had to meet.

It is the contention of the plaintiff in error that the burden of proving that he did not have a license to practice medicine was on the State and this the People failed to do; therefore, he was not properly convicted. After the People had made out their case showing the acts that were in violation of the statute, the burden is on the defendant to produce a license if he had one. This he failed to do and there was no error in the court in refusing to direct a verdict for the defendant. (*People v. Hollenbeck*, 322 Ill. 443.)

It is next contended that the trial court erred in sentencing the defendant to the Vandalia State Farm. The Medical Practice Act provides that whoever is

found guilty of any of the offenses enumerated in said act shall be punished by a fine, or by confinement in the county jail; or by both such fine and imprisonment. Our statutes further provide that it is in the discretion of court to sentence a prisoner either to jail or to the State Farm at Vandalia after he is found guilty of a misdemeanor.

It is also urged that the court committed error in allowing the information to go to the jury room with the jury when they retired to deliberate upon their verdict. Before the information was taken by the jury the affidavit of the State's attorney was detached and the court committed no error in allowing the information to be taken to the jury room with the jury. (*People v. Franklin*, 341 Ill. 499.)

The plaintiff in error also insists that the court erred in giving the instructions on behalf of the People and refusing to give the instructions offered on behalf of the defendant. We have examined the instructions and we think those given by the court fairly set forth the law applicable to cases of this kind, and there was no error in refusing to give the offered instructions of the defendant. The plaintiff in error is in no position to urge this as error, as his abstract violates rule 16 of this court, in which it provides that all of the given instructions and refused instructions shall be included in the abstract. An examination of the record discloses that numerous instructions were given in behalf of the People and 12 were given in behalf of the defendant. The abstract contains only two of the given instructions for the People and none of the given instructions on behalf of the defendant. From an examination of the whole record in this case we are of the opinion that justice had been done, and that the judgment of the county court of Lake county should be affirmed.

*Judgment affirmed.*