[No. 32202-8-I. Division One. August 22, 1994.]

THE STATE OF WASHINGTON, *Appellant,* v. BRUCE WILLIAM CREELMAN, *Respondent.*

---

*Seth R. Dawson, Prosecuting Attorney,* and *David F. Thiele, Deputy,* for appellant.

*Robert C. Alexander,* for respondent.

SCHOLFIELD, J. — The State appeals the trial court's order suppressing evidence of a marijuana grow operation found in Bruce W. Creelman's apartment pursuant to the execu-

tion of a search warrant. The issue is whether the "basis of knowledge" prong of *Aguilar-Spinelli*[1] is met by the statements of a concerned citizen informant that he personally observed grow lights and four or five mature marijuana plants on the premises and that he is familiar with grow lights and with what growing marijuana looks and smells like. The trial court held the search warrant affidavit was insufficient. We reverse.

### FACTS

On January 7, 1992, Bruce W. Creelman was charged with one count of manufacturing a controlled substance, marijuana, contrary to RCW 69.50.401(a). The charge was based on evidence the police found in Creelman's apartment when they executed a search warrant.

The affidavit supporting the warrant read in relevant part:

> Within the past 72 hrs a concerned citizen herein referred to as C.C. contacted officer Steve Uram of the Everett Police Dept. According to the C.C. he/she is sub-contracted by the Country Square Apts. He/she states that they went into Apt. C205 thinking it was C203. The C.C. was to be performing a job in C203. The C.C. then stated that as he/she walked into the apt. C205 he/she observed a marijuana grow-operation. The C.C. states that there were 4 or 5 plants and that they were mature. The C.C. adds that he/she is familiar with what growing marijuana looks and smells like. The C.C. also stated that there were growing lights on and that the C.C. is familiar with those as well. Officer Uram referred this information to your affiant Detective Todd Ballou of the Everett Police Narcotics Unit. . . .
>
> . . . .
>
> The C.C. has stated to Officer Uram that he/she wishes to remain anonymous for fear of reprisals. However, the C.C. has been fully identified to Officer Uram to include name, address, date of birth.
>
> Officer Uram has been a police officer for the city of Everett for 18 years. He has served in special investigations for 7 years and has written and served and assisted in serving numerous search warrants for narcotics to include marijuana.
>
> Your affiant has been a police officer for 5 years and a member of the Everett Police Narcotics Unit for 1 year. I previously

---

[1] *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).

was a member of a street narcotics unit for 1¹/₂ years. I have received training in the identification of controlled substances. I have attended the DEA narcotics schools. I have also attended numerous training seminars in the investigation of growing marijuana. I have assisted in serving more than 50 search warrants for narcotics.

Due to the information provided by the [C.C.], and the fact that the [C.C.] recognized the plants to be marijuana, I believe that the apt. #C205 of 702 W. Casino Rd. Everett, WA contains evidence that the crime of manufacturing of a controlled substance is taking place.

After hearing argument on Creelman's motion to suppress the evidence found during the search, the trial court made the following finding of fact:

3. These statements express a personal belief of [the] CC but do not set forth sufficient underlying circumstances from which the information [sic] concluded that criminal activity exists.

The trial court's conclusion of law read:

1. Because the informant was a Concerned Citizen the police made no effort to evaluate his/her reliability. Nonetheless, the search warrant affidavit is inadequate to establish the concerned citizen's basis of knowledge under State v. Matlock, [27] Wn. App. 152[, 616 P.2d 684] (1980) and State v. Wilkie [sic], [55] Wn. App. 470[, 778 P.2d 1054, review denied, 113 Wn.2d 1032] (1989). The affidavit stated simply there were four or five marijuana plants and grow lights in Defendant's apartment. The affidavit does not include a showing that the concerned citizen had the necessary skill, training or experience to identify marijuana plants. The affidavit merely contains the conclusory statement that the concerned citizen "is familiar with what growing marijuana looks and smells like." Accordingly, the affidavit does not state the necessary factual, underlying premises upon which the concerned citizen premised his or her belief that defendant was growing marijuana.

The trial court consequently suppressed all the evidence obtained through the execution of the search warrant.

This court reviews the validity of a search warrant under the abuse of discretion standard. State v. Kennedy, 72 Wn. App. 244, 248, 864 P.2d 410 (1993). Great deference is given to the magistrate's determination of probable cause, and all doubts are resolved in favor of the validity of the

warrant. *Kennedy*, 72 Wn. App. at 248; *State v. Solberg*, 66 Wn. App. 66, 79, 831 P.2d 754 (1992), *reversed in part on other grounds*, 122 Wn.2d 688, 861 P.2d 460 (1993). The magistrate may draw commonsense inferences from the facts stated in the affidavit supporting the application for a search warrant, and the affidavit should not be examined in a hypertechnical manner. *Kennedy*, 72 Wn. App. at 248; *State v. Garcia*, 63 Wn. App. 868, 871, 824 P.2d 1220 (1992).

 *State v. Jackson*, 102 Wn.2d 432, 688 P.2d 136 (1984) adopted the 2-pronged test of *Aguilar-Spinelli* for evaluating whether probable cause is established through an informant's tip:

> For an informant's tip (as detailed in an affidavit) to create probable cause for a search warrant to issue: (1) the officer's affidavit must set forth some of the underlying circumstances from which the informant drew his conclusion so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) the affidavit must set forth some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable.

*Jackson*, 102 Wn.2d at 435. The first prong is known as the "basis of knowledge" prong and is satisfied if the informant declares "he personally has seen the facts asserted and is passing on firsthand information." (Citations omitted.) *Jackson*, 102 Wn.2d at 437.

If an informant's tip fails to satisfy either or both prongs of the test, an independent police investigation may establish probable cause if the results of the investigation corroborate the tip and support the missing elements of the test. *Jackson*, 102 Wn.2d at 438. However, in this case, no independent police investigation occurred before the magistrate issued the search warrant. Thus, the outcome of this appeal turns on whether the affidavit sufficiently set forth the concerned citizen's basis of knowledge. From our review of the case law, we conclude that it did.

In *State v. Murray*, 110 Wn.2d 706, 711, 757 P.2d 487 (1988), the court held the basis of knowledge prong was "readily satisfied" where an informant told the officer-affiant

that a friend had personally observed marijuana growing under grow lights in the defendant's basement, and that the defendant had told the friend the grow operation produced a monthly cash crop. 110 Wn.2d at 710-11.[2]

In *State v. Smith*, 110 Wn.2d 658, 756 P.2d 722 (1988), *cert. denied*, 488 U.S. 1042 (1989), an informant looked through a skylight and observed growing marijuana plants. A search warrant was issued based on the informant's observations and some additional information involving power usage at different property owned by the defendant. The court held that the informant's observations alone were sufficient to support a finding of probable cause. The *Smith* court relied on *Jackson*'s holding that the basis of knowledge prong can be satisfied by showing that the informant " 'personally has seen the facts asserted and is passing on firsthand information.' " *Smith*, 110 Wn.2d at 663 (quoting *Jackson*, 102 Wn.2d at 437).

In *State v. Wolken*, 103 Wn.2d 823, 700 P.2d 319 (1985), a search warrant affidavit was held sufficient to satisfy the basis of knowledge requirement of *Aguilar-Spinelli* because it recited that the informant stated he had been in the residence on two occasions and observed marijuana plants, approximately 2 feet tall, being cultivated in the back bedroom with the use of halide grow lights and cardboard covered windows. 103 Wn.2d at 825, 827.

From the holdings of our Supreme Court in *Jackson, Murray, Smith,* and *Wolken*, it appears that an informant's basis of knowledge is sufficiently established in an affidavit if it states that the informant (or even a friend of the informant, as in *Murray*) personally saw marijuana plants or obtained other information firsthand. No additional information about the informant's ability to recognize marijuana was required in those cases.

---

[2]The *Murray* court noted that the second prong of the *Aguilar-Spinelli* analysis — *i.e.*, the credibility of the informant's friend — was not addressed by the affidavit. However, corroborative evidence developed through police investigation compensated for that deficiency. *Murray*, 110 Wn.2d at 711-13.

Similarly, this court has held that while "the better practice would be for the affidavits to recite how an informant is qualified to identify the observed plants as marijuana", it was not error to issue a search warrant that did not include such information. *State v. Berlin*, 46 Wn. App. 587, 592, 731 P.2d 548 (1987). In *Berlin*, the affiant received information from three different citizens that Berlin maintained a marijuana grow operation in a shed behind his house. The citizens said they had seen the operation and it consisted of approximately 30 plants, 3 to 4 feet high. The citizens also observed the use of grow lights and a window covered by a blanket. The affidavit did not mention that any of the citizens possessed any skill, training, or experience enabling them to distinguish marijuana plants from other plants. Nonetheless, the court found the basis of knowledge requirement was satisfied by the fact that three citizens made essentially the same observations and the officer-affiant had extensive experience and training in identifying marijuana. 46 Wn. App. at 592. From that evidence, the court concluded that an impartial person could draw the commonsense inference that Berlin was growing marijuana in his shed.

While *Berlin* did not cite *Jackson*, the result in *Berlin* is consistent with *Jackson* because the informants in *Berlin* claimed to have personally observed the marijuana grow operations and, therefore, were giving the detective in that case firsthand information. *See Jackson*, 102 Wn.2d at 437-38.

In the case now before us, the concerned citizen gave the police information he gained by personal observation. This, alone, satisfies the basis of knowledge requirement as discussed in *Jackson, Murray, Smith*, and *Wolken*. The concerned citizen in this case went even further, however, and stated unequivocally that he was familiar with the appearance and smell of growing marijuana. He described the plants that he observed as "mature", and he said he saw grow lights, with which he was also familiar, in operation.

While a statement describing the specific way in which the concerned citizen became familiar with marijuana and

grow lights would be desirable in a supporting affidavit, even without that information a neutral magistrate could still conclude from the information given that the citizen's observations were sufficiently reliable to support a search warrant. *See Berlin*, 46 Wn. App. at 592. If the police had asked the citizen the basis of his familiarity, and the citizen replied that a friend had previously identified marijuana for him, would the magistrate then possess significantly more useful information than that offered in the present affidavit? Probably not. Both statements present more of a conclusion than a verifiable fact. A citizen informant's claim of familiarity with marijuana is just as reliable as a claim that he is familiar with marijuana because of a friend's tutelage.

In deciding to suppress the fruits of the search here, the trial court relied on *State v. Matlock*, 27 Wn. App. 152, 616 P.2d 684 (1980). Because *Matlock*'s requirement that the informant show he "had the necessary skill, training or experience to identify marijuana plants on sight" was not satisfied, the court concluded that the search warrant affidavit was inadequate to establish the concerned citizen's basis of knowledge. 27 Wn. App. at 155-56.

However, neither *Aguilar* nor *Spinelli* expressly requires any more than a showing of some of the circumstances on which the informant based his conclusion. *See State v. Jackson*, 102 Wn.2d 432, 435, 688 P.2d 136 (1984). Our Supreme Court approved of the *Aguilar-Spinelli* test for probable cause in *Jackson* after Division Three decided *Matlock*. *Jackson* did not impose *Matlock*'s "skill, training or experience" requirement. To the contrary, *Jackson* held that the basis of knowledge prong is satisfied when the informant simply declares he personally has observed the facts being reported and that he is passing on firsthand information. *Jackson*, 102 Wn.2d at 437. We find it significant that *Jackson, Murray, Smith*, and *Wolken* were all decided after *Matlock*, and none of them ever refer to *Matlock*. We are thus compelled to conclude that our Supreme Court, in requiring a showing of "some of the underlying circumstances from which the informant drew

his conclusion" (*Jackson*, 102 Wn.2d at 435), did not intend a test as rigid and inflexible as that set forth in *Matlock*.[3]

We hold the search warrant was valid in this case because the underlying affidavit stated the circumstances under which the citizen informant personally observed the marijuana grow operation, that the operation included mature plants and operating grow lights, and that the citizen informant was familiar with the appearance and smell of growing marijuana and with grow lights.

We therefore reverse the trial court's order suppressing the evidence and remand this case to the trial court for further proceedings.

BECKER, J., concurs.

BAKER, J. (concurring) — A magistrate cannot effectively perform his or her important, *independent* review of the facts relied upon by an officer to show probable cause for a search warrant unless *both* the credibility and basis of knowledge prongs of *Aguilar-Spinelli*[4] have been satisfied. *State v. Jackson*, 102 Wn.2d 432, 435-37, 688 P.2d 136 (1984).

I agree that the cases in this jurisdiction have not been entirely consistent when discussing this principle. However,

---

[3]The Washington authorities that *Matlock* cites to support its requirement that an affidavit describe a person's "skill, training or experience" at identifying marijuana plants on sight do not actually impose that requirement. For example, in *State v. Smith*, 93 Wn.2d 329, 351-52, 610 P.2d 869, *cert. denied*, 449 U.S. 873 (1980), the court found no merit in the defendant's claim that the officer's opinion that certain plants were marijuana was insufficient to support a search warrant. The court noted that the officer's testimony satisfied the magistrate that he was sufficiently "familiar" with marijuana to recognize a plant when he stood within 10 feet of it. 93 Wn.2d at 351. In addition, the court stated that "[t]here is no suggestion that a marijuana plant is not distinctive enough to be recognized as such." 93 Wn.2d at 351-52. *See also State v. Helmka*, 86 Wn.2d 91, 92, 542 P.2d 115 (1975) (the court simply accepted the officers' "familiarity" with marijuana plants as an adequate underlying circumstance on which to conclude the officers correctly identified certain plants as marijuana).

[4]*Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).

some of that inconsistency is more apparent than real. Some of the Supreme Court cases discussed in the majority opinion included additional corroborative facts established by independent police investigation[5] or did not involve a direct challenge to the basis of knowledge prong.[6]

Because the informant here was a concerned citizen, concern about the credibility prong is relaxed. But whether the basis of knowledge prong is satisfied is a closer question. Direct, personal observation by such an informant should be sufficient when the objects observed are readily recognizable by the ordinary citizen. However, when the objects are more esoteric, some facts establishing the basis of *recognition* of the objects by the informant should be required. I am unwilling to accept the necessary inference of the majority opinion that an ordinary citizen readily recognizes a growing marijuana plant as such.

Nevertheless, the facts related to this affidavit do establish a basis for reasonably inferring the familiarity of this informant with the appearance of growing marijuana plants. The informant was familiar with the state of maturity of the plants, their odor and appearance, and the appearance of grow lights, frequently associated with marijuana grow operations. The magistrate could reasonably infer a basis of knowledge based on prior experience of the informant. Therefore, I concur in the result.

---

[5]*Jackson*, 102 Wn.2d at 445; *State v. Murray*, 110 Wn.2d 706, 710-12, 757 P.2d 487 (1988).

[6]*State v. Smith*, 110 Wn.2d 658, 662, 756 P.2d 722 (1988), *cert. denied*, 488 U.S. 1042 (1989); *State v. Wolken*, 103 Wn.2d 823, 826, 700 P.2d 319 (1985).