51 P.3d 830 (2002)
STATE of Washington, Respondent,
v.
Alvin Chester WIBLE III, Appellant.
No. 27164-8-II.
Court of Appeals of Washington, Division 2.
August 9, 2002.
*833 Stephen Jesse Oelrich, (Court Appointed), Lakewood, WA, for Appellant.
John C. Hillman, Dpty Pros Attorney, Tacoma, WA, for Respondent. *831
*832 BRIDGEWATER, J.
Alvin Chester Wible III appeals his conviction for five counts of possession of depictions of minors engaged in sexually explicit conduct with sexual motivation. We affirm.
In September 1999, Wible took his laptop computer to the Tacoma CompUSA for repair. Weeks later, while repairing the computer, William Yarwood, a CompUSA employee, noticed some of Wible's computer files named "11yr.01, 11yr.02, 11yr.03." Clerk's Papers (CP) at 22. Yarwood viewed some of these files and saw what he believed to be child pornography. He also saw a folder named "young teens" and two video files named "8 year old Rape" and "8 year old Smile." CP at 44. Yarwood's supervisor, Reginald Mathusz, viewed two or three of the images and contacted the Tacoma Police Department. Neither Yarwood nor Mathusz viewed the two video files.
Detective Richard Voce swore out an affidavit in support of a search warrant to seize and search Wible's computer. In his affidavit, Voce identified the felony of possession of depictions of minors engaged in sexually explicit conduct, in violation of RCW 9.68A.070, of which he complains. But a superior court judge issued a search warrant, based on Voce's affidavit, that specified second degree child rape and second degree child molestation as the crimes that Voce complained about. When the search warrant was sought, Voce's affidavit was attached to it.
Detective Voce executed the search and returned Wible's computer to CompUSA. After Wible picked up his computer, police officers arrested him for violating RCW 9.68A.070.
The trial court denied Wible's motion to suppress. After a bench trial on stipulated facts, a superior court judge found Wible guilty of five counts of possession of depictions of minors engaged in sexually explicit conduct with sexual motivation.

I. Citizen Informant
Wible first argues that the search was illegal because there was not sufficient evidence to establish the citizen informant's basis of knowledge or reliability and, consequently, the evidence should have been suppressed. State v. Garcia, 63 Wash.App. 868, 871, 824 P.2d 1220 (1992), recites the familiar and pertinent standards: We review the validity of a search warrant for abuse of discretion, giving great deference to the issuing magistrate's determination of probable cause; generally, the warrant is valid if a reasonable, prudent person would understand from the facts contained in the officer's affidavit that a crime has been committed and that evidence of the crime is located at the place to be searched; as long as the basic requirements are met, affidavits should be viewed in a commonsense, not hypertechnical manner; doubts should be resolved in favor of the warrant. Garcia, 63 Wash.App. at 871, 824 P.2d 1220; see also State v. Patterson, 83 Wash.2d 49, 55-56, 515 P.2d 496 (1973); State v. Matlock, 27 Wash.App. 152, 155, 616 P.2d 684 (1980).
Affidavits relying on information from citizen informants must:
(1) set forth the underlying factual circumstances from which the informant makes his conclusions so that a magistrate can independently determine the reliability of the manner in which the informant acquired his information and (2) set forth facts from which the officer can conclude the informant is credible and his information reliable.[1]
In short, the affidavit must establish the informant's basis of knowledge and reliability. See State v. Jackson, 102 Wash.2d 432, 433, 688 P.2d 136 (1984). Here, the affidavit included the following information from the citizen informant:

*834 On the 19th of October, 1999, your affiant was contacted via the telephone by Reggie Mat[husz], who is an employee for CompUSA, located at 4028 Tacoma Mall Blvd., in the City of Tacoma, County of Pierce, Washington.
Mr. Mat[husz] related that on the 21st of September 1999, a Compaq computer was brought to their repair facility for service[.] The repair order was partially completed by the male who brought the computer in for the repair.... The male gave the following information, for contact, Wible, Alvin III, with an address ... in the City of Roy....
The necessary parts were ordered, and received. A second employee, William Yarwood, installed the parts as needed. It was at that time that Mr. Yarwood observed numerous files on the computer. The files had names ... of "11 year old", and ... there were at least 4 ... under that name, as well as a folder titled "young teens". Mr. Yarwood also saw two video files named "8 Year old Rape", and "8 year old Smile". Mr. Yarwood and Mr. Mat[husz] did not view these video files, however they did observe several of the images, and those images were those of young girls. Mr. Mat[husz] related that the images of the young girls appeared to him to be under the age of 14, and those images were in sexual of nature [sexual in nature].
CP at 44. Wible argues that the affidavit lacked sufficient facts regarding the informant's conclusion that the images were of children under the age of 14 and definition of "sexual in nature". Br. of Appellant at 6. His argument is unpersuasive.
A. BASIS OF KNOWLEDGE
The affidavit contained facts sufficient to satisfy the basis of knowledge prong. First, an informant's personal observations can satisfy the knowledge prong. See State v. Wolken, 103 Wash.2d 823, 827, 700 P.2d 319 (1985); Jackson, 102 Wash.2d at 437, 688 P.2d 136. Here, both the citizen informant (Mathusz) and his colleague (Yarwood) viewed the images on Wible's computer and concluded that they depicted minors and were sexual in nature.
Second, "[f]acts that, standing alone, would not support probable cause can do so when viewed together with other facts." State v. Cole, 128 Wash.2d 262, 286, 906 P.2d 925 (1995). Likewise, a magistrate may "draw reasonable inferences from the facts and circumstances set forth in the supporting affidavit." State v. Maffeo, 31 Wash.App. 198, 200, 642 P.2d 404, review denied, 97 Wash.2d 1012 (1982). Here, the affidavit included the names of several files ("11 year old", "8 year old Rape", and "8 year old Smile") and a folder ("young teens") on Wible's computer. These names support that the image and video files on Wible's computer depicted minors and bolster the informant's conclusions. Similarly, the file names "8 year old Rape" and "8 year old Smile" give context and meaning to the informant's definition of "sexual in nature". The word "rape" obviously has sexually explicit connotations. See RCW 9.68A.011(3) (defining "[s]exually explicit conduct").[2] In addition, "sexual" has several meanings, including: "[O]f or relating to the sphere of behavior associated with libidinal gratification[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (1969). Furthermore, the detective-affiant stated that in his experience, computer images of child pornography are often cataloged by interest or subject matter. In short, the informant's firsthand knowledge, together with the file names, satisfied the basis of knowledge prong.
*835 B. RELIABILITY
The affidavit also satisfied the reliability prong because named citizen informants, like Mathusz, are presumed reliable. State v. Rodriguez, 53 Wash.App. 571, 574-75, 769 P.2d 309 (1989). In State v. Northness, 20 Wash.App. 551, 582 P.2d 546 (1978), this court explained:
When the informant is an ordinary citizen... and his identity is revealed to the issuing magistrate, intrinsic indicia of the informant's reliability may be found in his detailed description of the underlying circumstances of the crime observed or about which he had knowledge. If the underlying circumstances are sufficiently detailed to satisfy the first prong of Aguilar-Spinelli, they may themselves provide built in credibility guides to the informant's reliability, thus fulfilling the second prong as well. The detailed information encompassed in the affidavit's internal content attests to the informant's reliability by its very specificity; no independent corroboration is required.
Northness, 20 Wash.App. at 557-58, 582 P.2d 546 (internal quotations and citations omitted).
As previously discussed, the affidavit satisfied the basis of knowledge prong. Therefore, because the informant here was a named citizen informant, his reliability is also satisfied.

II. Probable Cause
Next, Wible challenges the superior court's probable cause determination. He points out that the affidavit specified the crime of possession of depictions of minors engaged in sexually explicit conduct, but the warrant specified second degree child rape and second degree child molestation. Wible contends that the affidavit does not include facts indicating that child rape and molestation occurred. His argument fails.
First, the constitution does not require "that the crime under investigation be named in the complaint or affidavit for search warrant."[3] Similarly, the superior court criminal rules governing search warrants do not require that the offense specified in the affidavit match that in the warrant. See CrR 2.3(c). Second, as discussed below, the warrant sufficiently informed Wible of the place to be searched and the items to be seized. Third, a ministerial mistake is grounds for invalidation of a search warrant only if prejudice is shown.[4] The same holds true for clerical errors.[5] Fourth, the investigating detectives discovered and corrected the clerical error, albeit after Wible's arrest.
Wible erroneously relies on State v. Riley, 121 Wash.2d 22, 846 P.2d 1365 (1993), for the proposition that the crime must be named in the warrant. The warrant in Riley authorized the seizure of:
any fruits, instrumentalities and/or evidence of a crime, to-wit:

*836 notes, records, lists, ledgers, information stored on hard or floppy discs, personal computers, modems, monitors, speed dialers, touchtone telephones, electronic calculator, electronic notebooks or any electronic recording device.
Riley, 121 Wash.2d at 26, 846 P.2d 1365. But the warrant did not state the crime of computer trespass, the offense under investigation, or any other crime. Against this backdrop, the court made the following statement:
A search warrant that fails to specify the crime under investigation without otherwise limiting the items that may be seized violates the particularity requirement of the Fourth Amendment.
The Fourth Amendment mandates that warrants describe with particularity the things to be seized. State v. Perrone, 119 Wash.2d 538, 545, 834 P.2d 611 (1992). When the nature of the underlying offense precludes a descriptive itemization, generic classifications such as lists are acceptable. Perrone, at 547, 834 P.2d 611, United States v. Spilotro, 800 F.2d 959, 963 (9th Cir.1986). In such cases, the search must be circumscribed by reference to the crime under investigation; otherwise, the warrant will fail for lack of particularity. Spilotro, at 964.
Riley, 121 Wash.2d at 27-28, 846 P.2d 1365 (emphasis ours; footnote omitted).
This case is inapposite because, as we discuss below, the warrant here meets the particularity requirement because of its descriptive itemization. Thus, the warrant need not identify the crime under investigation. Additionally, it is clear that the warrant contains a scrivener's errornot only does the warrant recite the wrong crime, while setting forth elements of the correct crime, it also sets forth the wrong date in its recitation. The warrant states that Voce appeared on 14 August 1999, yet the attached affidavit, the clerk's date stamps, and the judge's verification set forth dates in October 1999, when Voce actually appeared. Thus, the error in both the name of the crime and the date of Voce's complaint are clerical errors and may be disregarded.
Wible also erroneously relies on State v. Grannis, 84 Wash.App. 546, 930 P.2d 327, review denied, 133 Wash.2d 1018, 948 P.2d 387 (1997). There, a jury convicted Grannis of two counts of possessing matter depicting a minor engaged in sexually explicit conduct in violation of RCW 9.68A.070. Grannis, 84 Wash.App. at 548, 930 P.2d 327. We reversed because one count relied on a videotape that was lawful to possess and the other because the search warrant affidavit relied on the same videotape and, therefore, could not establish probable cause. Grannis, 84 Wash.App. at 549-52, 930 P.2d 327. Here, the affidavit did establish probable cause.

III. Particularity
Finally, Wible argues that the warrant violated the particularity requirement of the Fourth Amendment. When confronted with a challenge to a search warrant on particularity grounds, we conduct a de novo review. State v. Perrone, 119 Wash.2d 538, 549, 834 P.2d 611 (1992). Courts evaluating alleged particularity violations distinguish between inherently innocuous items, such as Wible's computer, and inherently illegal property, such as controlled substances. State v. Chambers, 88 Wash.App. 640, 644, 945 P.2d 1172 (1997). Innocuous items require greater particularity. In addition, search warrants listing items protected by the First Amendment require the highest degree of particularityscrupulous exactitude. Perrone, 119 Wash.2d 538, 550. "[C]hild pornography, like obscenity, is expression presumptively protected by the First Amendment." Perrone, 119 Wash.2d at 550, 834 P.2d 611. Scrupulous exactitude takes two forms: (1) the warrant must specifically describe the materials to be seized, and (2) the exceptions to the warrant requirement are narrowly construed. United States v. Hale, 784 F.2d 1465, 1469 (9th Cir.), review denied, 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986).
Contrary to Wible's argument, the warrant was not overly broad and the police did not have unbridled discretion. For example, the warrant specified Wible's computer, by serial number and physical location, as *837 the place to be searched and narrowed the scope of the search to images depicting children engaged in sexually explicit activity, as defined by RCW 9.68A.011(3). Consequently, this is not a situation where the warrant authorized the seizure of a broad category of materials without specifying the crime under investigation. See e.g., Riley, 121 Wash.2d at 27-28, 846 P.2d 1365. Furthermore, a search warrant for child pornography satisfies particularity if it limits the seizable items by stating specifically in the warrant the type of material that qualifies as child pornography. See Perrone, 119 Wash.2d at 553-54, 834 P.2d 611 ("Defendant maintains that the language of RCW 9.68A.011, if used in a search warrant to describe materials sought, would be sufficiently particular. This is so[.]"). Thus, the warrant satisfied the particularity requirement.
Affirmed.
We concur: MORGAN, P.J., and ARMSTRONG, J.
NOTES
[1] State v. Mickle, 53 Wash.App. 39, 41, 765 P.2d 331 (1988) (citing Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Wolken, 103 Wash.2d 823, 827, 700 P.2d 319 (1985)).
[2] The statute provides in part:

(3) "Sexually explicit conduct" means actual or simulated:
(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;
(b) Penetration of the vagina or rectum by any object;
(c) Masturbation;
(d) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer;
(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer;
(f) Defecation or urination for the purpose of sexual stimulation of the viewer; and
(g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.
RCW 9.68A.011(3).
[3] People v. Casillo, 99 Ill.App.3d 825, 55 Ill.Dec. 206, 425 N.E.2d 1379, 1382 (1981) (citing People v. Hanei, 81 Ill.App.3d 690, 38 Ill.Dec. 1, 403 N.E.2d 16 (1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 357 (1981)); see also State v. Vincent, 229 Conn. 164, 640 A.2d 94, 99 (1994) (search warrant valid though "neither the supporting affidavit nor the search warrant names a specific crime" because "the affidavit provided information that could support different theories of criminal activity, including homicide, sexual abuse, assault and battery, kidnapping or risk of injury to a child").
[4] See State v. Dodson, 110 Wash.App. 112, 121, 39 P.3d 324 (2002) ("That the original warrant form mistakenly indicated the search was for marijuana rather than methamphetamine does not implicate a lack of probable cause, but a clerical error. Whether that error was harmful depends on its effect."); State v. Parker, 28 Wash.App. 425, 427, 626 P.2d 508 (1981) ("Absent a showing of prejudice to the defendant, procedural noncompliance does not compel invalidation of the warrant or suppression of its fruits."); see also Commonwealth v. Pellegrini, 405 Mass. 86, 539 N.E.2d 514, 515 ("Ministerial errors do not nullify search warrants."), cert. denied, 493 U.S. 975, 110 S.Ct. 497, 107 L.Ed.2d 501 (1989).
[5] See e.g., State v. Huguenin, 662 A.2d 708, 710 (R.I.1995) (where judge "had intended to sign the warrant" but did not, such "mere clerical error will not void an otherwise valid warrant"); Power v. State, 605 So.2d 856, 863 (Fla.1992) ("scrivener's error" in search warrant that identified Donal rather than Donna, as owner of house to be searched, did not invalidate warrant because place to be searched was sufficiently identified on face of warrant), cert. denied, 507 U.S. 1037, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993); cf. State v. Bohan, 72 Wash.App. 335, 338, 864 P.2d 26 (1993) ("[A] warrant containing a wrong address must be evaluated under the actual facts of the case, not in the hypothetical."), review denied, 124 Wash.2d 1002, 877 P.2d 1287 (1994).